1148-20936  #1770646

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **HAWTHORNE INDUSTRIAL PRODUCTS, INC.**<br>       Plaintiff<br><br>**VERSUS**<br><br>**HANWIN SHIPPING LIMITED**<br>also known as<br>**HANWIN SHIPPING COMPANY LIMITED,**<br>**SHANGHAI HANYING INTERNATIONAL LOGISTICS CO.,** or<br>**CITY EXPANSION LIMITED,**<br>       Defendants<br><br>**AND**<br><br>**AMERICAN SHIPPING & CHARTERING CORP.,**<br>       Garnishees | **CIVIL ACTION NO.: 4:22-cv-03035**<br><br>**DISTRICT JUDGE:**<br>**HON. ANDREW S. HANEN**<br><br>**MAGISTRATE JUDGE:**<br>**HON. SAM S. SHELDON** |

**PLAINTIFF'S RE-URGED *EX PARTE* MOTION FOR ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME WRIT OF ATTACHMENT AND GARNISHMENT AND MOTIONS FOR LEAVE TO SERVE LATER IDENTIFIED GARNISHEES AND DEEM SERVICE CONTINUOUS**

COMES NOW, Plaintiff Hawthorne Industrial Products Inc. ("Hawthorne") and files this its *Ex Parte* Motion for Order Authorizing Issuance of Process of Maritime Writ of Attachment and Garnishment and Motions for Leave to Serve Later Identified Garnishees and Deem Service Continuous pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure ("Rule B"), and would respectfully show the Court as follows:

## *EX PARTE* MOTION FOR ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME WRIT OF ATTACHMENT AND GARNSHIMENT

On September 7, 2022, Hawthorne filed a Verified Complaint (Rec. Doc. 1) against defendant Hanwin Shipping Limited ("Hanwin"), as well as its alter egos, Hanwin Shipping Company Limited, Hanying International Logistics Co. and City Expansion Limited (collectively "Alter Egos"), in this action pursuant to Rule B setting forth its claim for security and damages, together with interest, costs, and reasonable attorney's fees. The Verified Complaint also names American Shipping and Chartering Corp., as garnishee of property, goods, chattels, credits, and/or effects, including certain bunker fuel, lubricants, water, food and other cash or credits, which, upon information and belief, belongs to Hanwin Shipping Limited and its Alter Egos. The allegations contained in the Verified Complaint are incorporated herein by reference.

Upon information and belief, Hanwin's property is presently in this District and under the care, custody and/or control of garnishee, American Shipping and Chartering Corp. During a Status Conference conducted on October 20, 2022, in a related matter, *Transatlantica Commodities Pte Ltd. v. Hanwin Shipping Limited et al*, civ. no. 4:22-cv-01983, this Honorable Court ruled that funds in the amount of $979,893.63 belonging to the defendant, Hanwin Shipping Limited, are held by garnishee, American Shipping and Chartering Corp., and are attachable property for the purposes of Supplemental Rule B (See Minute Entry issued Oct. 20, 2022, civ. no. 4:22-cv-01983 Rec. Doc. 52). This ruling was reiterated by this Honorable Court on November 1, 2022, during a further Status Conference. Plaintiff, Hawthorne, now seeks to also attach those funds and any other property of Hanwin's in the possession of garnishee, American Shipping and Chartering Corp. and/or any funds to be deposited into the Registry of the Court by American Shipping and Chartering Corp.

Rules B permits a court to issue an order of maritime attachment and garnishment if a plaintiff satisfies the requirements of Rule B by showing that: "(1) the plaintiff has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law or bar to the attachment." *Naftomar Shipping and Trading Co. v. KMA Int'l S.A.*, 2011 U.S. Dist. LEXIS 24723 at *4 (S.D. Tex. Mar. 10, 2011) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), abrogated on other grounds by *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)).

In the instant matter, Hawthorne submits that the requirements of Rule B are met, and respectfully asks the Court for an order issuing a writ of maritime attachment and garnishment for Hanwin Shipping Limited's property presently, or soon to be, located within this District, and, in particular, any funds, credits, accounts, cash, bunker fuel, lubricants, water, food and other property belonging to Hanwin Shipping Limited and/or its Alter Egos held by American Shipping and Chartering Corp.. As set forth in the Verified Complaint, Hawthorne has a *prima facie* admiralty claim against Hanwin Shipping Limited and its Alter Egos because Hanwin breached contracts of carriage and/or committed maritime torts against Hawthorne (See Complaint, Rec. Doc. 1).

Further, Hanwin Shipping Limited and its Alter Egos cannot be found within the Southern District of Texas for the purposes of Rule B.  This is demonstrated by the Verified Complaint and the attendant Attorney's Declaration that Defendant Cannot be Found within the District, attached thereto and filed pursuant to Rule B, which state, in pertinent part, that Hawthorne is informed and believes that Hanwin Shipping Limited and its Alter Egos cannot be found within the Southern District of Texas.

Furthermore, Hawthorne is informed and believes that Hanwin Shipping Limited and/or its Alter Egos have, or will have during the pendency of this action, tangible property within the Southern District of Texas. Specifically, there are in the District, or are soon to be, other cash or credits of Hanwin Shipping Limited and/or its Alter Egos. This property is properly amenable to attachment and garnishment pursuant to Rule B. Upon information and belief, garnishee, American Shipping and Chartering Corp. may have property and funds belonging to Hanwin Shipping Limited and its Alter Egos in its care, custody, and control.

Finally, there is no statutory or general maritime law bar that prevents attachment.

## MOTION FOR LEAVE TO SERVE LATER IDENTIFIED GARNISHEES

Hawthorne also respectfully moves the Court for an Order granting it leave to serve any additional garnishee(s) who, upon information and belief, may obtain during the course of this litigation, are holding, or are believed to be holding, property of Hanwin Shipping Limited and its Alter Egos within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## MOTION FOR LEAVE TO DEEM SERVICE CONTINUOUS

To avoid the need to repetitively serve any garnishees, Hawthorne respectfully seeks further leave of Court, as set out in the accompanying *Ex Parte* Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, and to authorize service of process via facsimile or email following initial *in personam* service.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Hawthorne Industrial Products Inc. prays this Honorable Court enter an Order:

a) authorizing the Issuance of Process of Maritime Attachment and Garnishment directing the United States Marshal for the Southern District of Texas, or anyone otherwise specially appointed by the Court, to attach the property, goods, chattels, credits and/or effects of Hanwin Shipping Limited, Hanwin Shipping Company Limited, Shanghai Hanying International Logistics Co. and City Expansion Limited located within the District, including any funds, accounts, cash, bunkers, lubricants, water, food and other credits that are in the District;

b) authorizing Hawthorne Industrial Products Inc. to release or instruct the Marshal to release any property subject to attachment without further leave of Court;

c) granting Hawthorne Industrial Products Inc. leave to serve any additional garnishee(s) who, upon information and belief, may obtain during the course of this litigation, are holding, or are believed to be holding, property of Hanwin Shipping Limited, Hanwin Shipping Company Limited, Shanghai Hanying International Logistics Co., and City Expansion Limited within this District;

d) deeming any process served on a garnishee to be effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, and authorizing service of process via facsimile or email following initial in personam service; and

e) granting Hawthorne Industrial Products Inc. such other and further relief as may be just, equitable, and proper.

Respectfully submitted:

*/s/ Aaron B. Greenbaum*
Aaron B. Greenbaum T.A. (#24110938)
SDTX Federal ID No.: 2023921
Salvador J. Pusateri (#24072867)
SDTX Federal ID No.: 438301
PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pjgglaw.com
Salvador.Pusateri@pjgglaw.com

**AND**

Robert E. O'Connor (NY Bar #4899316)
SDNY Federal ID No.: RO1789
(to seek admission *pro hac vice*)
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022
Telephone: 212-551-7794
Facsimile: 212-599-1759
roconnor@mmwr.com

*Attorneys for Plaintiff*
*Hawthorne Industrial Products, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I further certify that I shall mail the foregoing document and the notice of electronic filing by first-class mail to all non CM/ECF participants.

*/s/ Aaron B. Greenbaum*